## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

LARRY BEAN, JR., INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF LARRY
 BEAN, SR.,

     Plaintiff,

          vs.                               No. 1:24-CV-00974-KG-JMR

MIGUEL AVILACASAS, FAF, INC., and
HIGHWAY COMMERCIAL SERVICES, INC.**,**

     Defendants.

### <u>ORDER GRANTING DEFENDANTS' MOTION TO REMAND</u>

**THIS MATTER** is before the Court on Miguel AvilaCasas, Highway Commercial

Services, Inc., and FAF, LLC's (formerly known as FAF, Inc.) ("Defendants") Motion to

Remand, (**Doc. 34**), filed March 03, 2025. Plaintiff Larry Bean, Jr., filed his Response, (**Doc.

36**), on March 17, 2025, and Defendants their Reply, (**Doc. 38**), on April 01, 2025. Having

considered the parties' briefing and the applicable case law, the Court **GRANTS** Defendants'

Motion to Remand, (**Doc. 34**).

### <u>BACKGROUND</u>

     This case arises out of a fatal collision on Interstate 40 involving Larry Bean Sr. and

Defendant Miguel AvilaCasas, which resulted in the death of Larry Bean Sr. (**Doc. 35**) **at 2.** At

the time of the accident, Defendant AvilaCasas was operating a vehicle owned by Defendant

Highway Commercial Services on behalf of the carrier FAF LLC. (**Doc. 1-2**) **at 3, ¶ 10**.

     Following the accident and Larry Bean Sr.'s death, Plaintiff Larry Bean Jr., individually

and on behalf of Larry Bean Sr., filed the instant action against Defendants in New Mexico's

Tenth Judicial District, alleging claims for negligence, negligent hiring, negligent training, negligent supervision/retention/monitoring, negligent entrustment, and loss of consortium.  *Id.* **at 3–6**.

On September 30, 2024, Defendants removed this action to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a).  (**Doc. 1**) **at 2–3**.  The magistrate judge subsequently ordered Defendants, *sua sponte*, to file a Rule 7.1 disclosure statement.  (**Doc. 22**).  Defendants now move to remand the case to state court, arguing that this Court lacks subject matter jurisdiction.  (**Doc. 34**).

## LAW REGARDING SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Courts must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."  *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016); *see also Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States" where the action is pending.  28 U.S.C. § 1441(a).  Here, Defendants removed the instant action to federal court based on diversity jurisdiction.  (**Doc. 1**) **at 2–3**.

Removal is proper under § 1441(a) based on diversity jurisdiction if it satisfies § 1332(a)'s diversity requirements and (b) § 1441(b)(2)'s limitation on diversity-based removal. At issue in the present case is whether the instant action satisfies § 1332(a)'s diversity requirements, specifically the complete diversity requirement.   (**Doc. 34**).

Under § 1332(a), a federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." § 1332(a), (a)(1). "[T]he statutory formulation 'between . . . citizens of different States'. . . require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citation omitted). "[A] person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (citations omitted). Corporations are citizens of the states in which they are incorporated as well as of states in which they have their principal places of business. § 1332(c)(1). A limited liability company ("LLC") is a citizen of every state of citizenship of any of its members. *Siloam Springs Hotel*, *L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

"When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (unpublished) (citing *Grupo Dataflux v. Atlas Glob. Grp.*, *L.P.*, 541 U.S. 567, 570–71 (2004)).

## **DISCUSSION**

In their Motion to Remand, Defendants argue remand is proper because Defendant FAF LLC is not diverse from Plaintiff Larry Bean Sr. (**Doc. 34**) **at 1–2**. Specifically, Defendants contend FAF LLC's member, Club Opco LLC, includes a member—Lucinda Rowe—who is a citizen of Edmond, Oklahoma, making both Club Opco and FAF LLC citizens of Oklahoma, the same state as decedent Larry Bean Sr. *Id.* **at 1–2, ¶ 2**.

In his Response, Plaintiff argues remand is not proper because "judicial estoppel" bars Defendants from arguing against federal jurisdiction after they previously argued in favor of it. (**Doc. 36**) **at 1–2, ¶ 2–3**.  Plaintiff further contends there is no evidence showing when FAF LLC's membership status changed and became effective, arguing "[c]ertainly, were Club Opco LLC not a member of FAF, LLC at the time suit was filed on August 5, 2024, any subsequent change in membership would be irrelevant to the determination of citizenship in this suit." *Id.* **at 3, ¶ 5**.

While the Court acknowledges the unusual posture of this case—where Defendants removed the case only to later challenge subject matter jurisdiction—it does not agree with Plaintiff that removal bars Defendants from raising this jurisdictional argument.  *See Zimmerman v. Univ. of Utah*, 2018 WL 10152221, at *5 (D. Utah) ("Subject-matter jurisdiction cannot be waived, and arguments going to the court's subject-matter jurisdiction can be raised at any time."); *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("Our subject-matter jurisdiction is a constitutional prerequisite to hearing a case and because it involves a court's power to hear a case, can never be forfeited or waived.").  Moreover, regardless of whether any party moves for remand, federal courts "*must* dismiss the cause at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (emphasis added).  In short, the determinative question is whether it is now apparent to the Court that subject matter jurisdiction is lacking.

Based on the facts presented by Defendants—which Plaintiff did not meaningfully dispute—it is now apparent to the Court that subject matter jurisdiction is lacking.  Defendant FAF LLC's citizenship is determined by the citizenship of its members.  One of those members, Club Opco LLC, is also an LLC and is a citizen of Oklahoma because its member, Lucinda

Rowe, is a citizen of Edmond, Oklahoma. (**Doc. 34-3**). Accordingly, FAF LLC is also a citizen

of Oklahoma—the same state of citizenship as Larry Bean Sr. Further, Club Opco LLC became

a member of FAF LLC in January 2024. *See* (**Doc. 34-2**) (reflecting Club Opco's membership as

of the agreement date, January 24, 2024). Thus, at the time the complaint was filed in August

2025, FAF LLC shared citizenship with Larry Bean Sr., and complete diversity was lacking.

Without complete diversity, this Court lacks subject matter jurisdiction. This conclusion is also

consistent with the rule, which is inflexible and without exception, requiring a court "to deny its

jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record."

*See Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc.*, 977

F.Supp. 1116, 1120–21 (D. Kan. 1997) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des*

*Bauxites*, 456 U.S. 694, 702 (1982)).

## <u>CONCLUSION</u>

Because there is no complete diversity between Plaintiff and Defendants, this Court lacks

subject matter over the instant action and will therefore **GRANT** Defendants' Motion to

Remand, (**Doc. 34**). As a result, the Court remands the action to County of Quay, Tenth Judicial

District Court, State of New Mexico, where the action was originally filed.

**IT IS SO ORDERED.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.